WO                                                                                               MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chris Slavick, | No. CV 21-00208-PHX-JAT (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| Warden M. Frink, et al., | |
| Defendants. | |

On February 8, 2021, Plaintiff Chris Slavick, who is confined in the Halawa Correctional Facility in Aiea, Hawaii, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) regarding events that allegedly occurred at CoreCivic's Saguaro Correctional Center in Eloy, Arizona, and an Application to Proceed In Forma Pauperis. In a February 19, 2021 Order, the Court denied the deficient Application to Proceed and gave Plaintiff thirty days to either pay the administrative and filing fees or file a complete Application to Proceed In Forma Pauperis.

On March 9, 2021, Plaintiff filed a second Application to Proceed In Forma Pauperis (Doc. 6). The Court will grant the second Application to Proceed, order Defendant Narvaez to answer the excessive force claim in Count Four, and dismiss the remaining claims and Defendants without prejudice.

**I.      Second Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Second Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C.

TERMPSREF

1 § 1915(b)(1). The Court will not assess an initial partial filing fee. *Id.* The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

. . . .

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**III.   Complaint**

In his four-count Complaint, seeks monetary damages from the following Defendants: Warden M. Frink, the Saguaro Correctional Center, CoreCivic, facility investigator M. Gawlik, case managers C. Narvaez and J. Zollinger, unit manager Guilin, case counselor A. Loza, Disciplinary Hearing Officer E. Aguilar, counselor Abraham, inmate James Baird, staff member Jeanette Baltero, and guards Ramos, Aguirre, and K. Ball.

In **Count One**, Plaintiff raises an Eighth Amendment "failure to protect and cruel and unusual punishment" claim. Plaintiff asserts he was violently assaulted by Defendant Baird while in protective custody at Defendant CoreCivic's Saguaro Correctional Center. He claims that while he was motionless, Defendant Baird struck him in the side of the neck, directly in front of a prison guard. Plaintiff alleges Defendant Baird was convicted of assault in state court for this conduct. He contends Defendant Baird's assault caused him to suffer swelling in his neck and damage to his vertebrae.

In **Count Two**, Plaintiff raises an Eighth Amendment claim based on "cruelty and medical neglect." He claims that even though Defendant Saguaro Correctional Center's medical staff verified that Defendant Baird's assault inflicted injury on Plaintiff, "they refused to provide any care [or] any prevention of the worsening of [Plaintiff's] neck injury" and ignored Plaintiff's "honest requests for [a] medical device or [a] proper o[r]thopedic specialist to examine [Plaintiff's] serious neck injury." Plaintiff contends his "neck/cervical spine injury" is worsening and painful "due to [the] refusal to provide proper medical care and [an] orthopedic specialist, as staff assured was being scheduled."

. . . .

TERMPSREF

- 3 -

In **Count Three**, Plaintiff contends he was subjected to Eighth Amendment "cruelty" and a violation of his Fourteenth Amendment due process rights.  He claims that "[d]ue to the fact that the Eloy Police Department filed a report against Defendant Baird and the State of Arizona prosecuted and convicted Defendant Baird for the assault, a non-party (Rodriguez) and Defendants Loza, Narvaez, Ramos, Guilin, Abraham, Zollinger, Gawlik, and Aguilar "criminally committed 'Filing false reports' in retaliation in a nefarious scheme to thwart any civil recourse," "defame [Plaintiff's] honorable character," and "obstruct [his] granted parole."  He also claims these Defendants "utilized other staff[,] such as [Defendant] Aguirre[,] to ha[]rass and falsely mock [Plaintiff's] injuries to intimidate [Plaintiff] from litigation as a means to protect the stock value of [Defendant] CoreCivic, their employer."  He claims these Defendants "[i]llegally obstructed [his] now-verified valid appeal of the illegal conviction on which [he] was/[is] imprisoned, blocked [his] parole," prevented him from receiving medical care by having the medical staff ignore and neglect him, and caused him to suffer "emotional duress" and mental anguish."

In **Count Four**, Plaintiff alleges he was subjected to excessive force in violation of his Eighth Amendment rights.  He claims that "[i]n conspired connection with [Defendant] Ramos'[s] criminal 'Filing a False Report,'" an unidentified guard forcefully handcuffed Plaintiff with his hands behind his back "in a painful position," despite knowing Plaintiff had serious physical injuries to his left shoulder, left foot and ankle, and right hand.  Plaintiff contends that Defendant Narvaez was "present and involved" and that both Defendant Narvaez and the unidentified guard "continuously shoved [Plaintiff] forward onto [his] left foot/ankle while pulling [his] left shoulder back and bending [his] fingers on both hands," while "mock[ing] [Plaintiff's] apprisals [sic] to them of the serious pain that they were inflicting."  He asserts that from the "HC module to the medical unit," Defendant Narvaez and the unidentified guard assaulted him and mocked his severe injuries and the pain they were inflicting.  He claims that at the medical unit, the medical staff told Defendant Narvaez and the unidentified guard that Plaintiff's injuries were "valid/documented" and that Plaintiff needed to be transported in a wheelchair.

IV.     **Discussion of Complaint**

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

**A.     Defendant CoreCivic**

To state a claim under § 1983 against a private entity performing a traditional public function, such as housing prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per curiam). A plaintiff must allege the specific policy or custom and how it violated his constitutional rights. A private entity is not liable merely because it employs persons who allegedly violated a plaintiff's constitutional rights. *See Tsao*, 698 F.3d at 1139; *Buckner*, 116 F.3d at 452.

Plaintiff does not allege that any of the conduct described in the Complaint was the result of a specific policy or custom of Defendant CoreCivic. Thus, the Court will dismiss without prejudice Defendant CoreCivic.

**B.     Defendant Saguaro Correctional Center**

Section 1983 imposes liability on any "person" who violates an individual's federal rights while acting under color of state law. Congress intended municipalities and other local government units to be included among those persons to whom § 1983 applies. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 689-90 (1978). However, the Saguaro Correctional Center is a building or collection of buildings, not a person or legally created entity capable of being sued. Thus, the Court will dismiss Defendant Saguaro Correctional Center.

. . . .

### C. Defendants Frink, Baltero, and Ball

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has not alleged that Defendants Frink, Baltero, and Ball personally participated in a deprivation of Plaintiff's constitutional rights, were aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Plaintiff has made no allegations at all against Defendants Frink, Baltero, and Ball. Thus, the Court will dismiss without prejudice Defendants Frink, Baltero, and Ball.

### D. Count One and Defendant Baird

"Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). Defendant Baird is an inmate in the prison where Plaintiff was confined. He is a private party, not a state actor. Thus, the Court will dismiss Defendant Baird and Count One.

### E. Count Two

Plaintiff has not linked the conduct described in Count Two to any of the named Defendants. Thus, the Court will dismiss without prejudice Count Two.

. . . .

. . . .

### F. Count Three

In Count Three, Plaintiff has simply made vague and conclusory allegations against groups of Defendants, without any factual specificity as to what any particular Defendant did or failed to do. This is insufficient. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (upholding dismissal of *Bivens* complaint that referred to all defendants "generally and categorically" because the plaintiff had failed to "'allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.'" (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."). Thus, the Court will dismiss without prejudice Count Three.

### G. Count Four

Liberally construed, Plaintiff has stated an excessive force claim against Defendant Narvaez in Count Four. The Court will require Defendant Narvaez to answer the excessive force claim.

Plaintiff's assertion that the use of excessive force was "[i]n conspired connection" with a report filed by Defendant Ramos is simply too vague and conclusory to state a claim. Thus, the Court will dismiss this portion of Count Four.

## V. Warnings

### A. Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

. . . .

### B.     Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.     Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's second Application to Proceed In Forma Pauperis (Doc. 6) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     Counts One through Three are **dismissed** without prejudice.

(4)     Defendants Frink, Saguaro Correctional Center, CoreCivic, Gawlik, Guilin, Loza, Zollinger, Ramos, Aguilar, Abraham, Aguirre, Ball, Baird, and Baltero are **dismissed** without prejudice.

(5)     Defendant Narvaez must answer the excessive force claim in Count Four.

. . . .

(6) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Narvaez.

(7) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant Narvaez within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(9) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(10) The United States Marshal must notify Defendant Narvaez of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order.

(11) If Defendant Narvaez agrees to waive service of the Summons and Complaint, Defendant Narvaez must return the signed waiver form to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(12) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by Defendant Narvaez within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant Narvaez pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(13)   Defendant Narvaez must answer the excessive force claim in Count Four of the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(14)   This matter is referred to Magistrate Judge John Z. Boyle pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 26th day of March, 2021.

James A. Teilborg
Senior United States District Judge